**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUFUS McNEELY, | ) Case No. EDCV 17-1927-JGB (JPR) |
| Petitioner, | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| v. | ) MAGISTRATE JUDGE |
| ROBERT FOX, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On August 24, 2018, the Magistrate Judge recommended that the FAP be dismissed without prejudice because its claims were wholly unexhausted and Petitioner had not shown good cause for a stay under Rhines v. Weber, 544 U.S. 269, 277 (2005). Among other reasons, she noted that Petitioner had not provided any documentation of his alleged visual impairment or demonstrated how "any lack of legal expertise or any aspect of his incarceration prevented him from exhausting his claims." (See R. & R. at 5-6.)

On October 29, 2018, Petitioner filed a "Motion to Withdrawl

1

[sic] Current Writ Without Prejudice, For Good Cause, To Refile At Later Date," contending that his request should be granted because he "is in fact blind in his right eye," he "has been in special ed[.] all his years in school," and the inmate who filed the "current writ" for him "saw and took advantage of [his] disability, desperation, and educational l[e]v[e]l to gain $250 for his assistance in filing this obvious[]ly lame writ." (Pet'r's Mot. at 1-2.)[1] He attached medical records showing that he suffers from various medical problems in his right eye, including cataract and retinal detachment, all of which apparently stem from an assault in 2014 or 2015. (Id. at 3-6.) His left eye is apparently unimpaired. (See id. at 3.) He also attached a CDCR "Mental Health Referral Chrono," dated October 11, 2018, and evidently signed by a social worker, stating that he has a history of special education, is "not able to advocate," and "gets taken advantage of when he pays for [other inmates] to write for him." (Id. at 7.) In a November 1, 2018 motion for appointment of counsel, he attached a copy of his results on a January 2017 TABE test, showing scores at about a third-grade level.[2] Respondent did not respond to either motion or file objections of his own to the R. & R.

Thus, although Petitioner's motion ostensibly seeks voluntary dismissal of this action, its contents and attachments

---

[1] For nonconsecutively paginated documents, the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

[2] The Court denied the motion for appointment of counsel on November 5.

2

and the documents he attached to his motion for appointment of counsel suggest that he may have intended both motions as objections to the R. & R.'s finding on the absence of good cause for a Rhines stay. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed[.]" (citation omitted)). To the extent that is so, the documents he submitted do not explain how the injuries to his right eye affected his ability to exhaust his claims, particularly given that he apparently has no impairment in his left eye. Cf. Jacobs v. Fox, No. 15-cv-05046-YGR (PR), 2018 WL 306725, at *19 (N.D. Cal. Jan. 5, 2018) (petitioner's medical records failed to show that his visual impairment prevented him from timely filing federal petition). Moreover, his motion is signed by an inmate who declares that he "authored" it on Petitioner's behalf "free of any charge or favors of any kind" (Pet'r's Mot. at 2), supporting the Magistrate Judge's finding that Petitioner's educational level and reliance on inmate assistance failed to provide good cause for a Rhines stay.

Having reviewed de novo those portions of the R. & R. to which Petitioner constructively objected, the Court accepts the findings and recommendations of the Magistrate Judge. Accordingly, Respondent's motion to dismiss is GRANTED, Petitioner's stay motion is DENIED, and the FAP is DISMISSED without prejudice as wholly unexhausted. Petitioner's motion to withdraw the FAP "with the ability to properly file at a later date" (Pet'r's Mot. at 2) is DENIED because the Court cannot at

this time assess the timeliness or procedural regularity of any future petition Petitioner may choose to file.

DATED: November 25, 2018

JESUS G. BERNAL
U.S. DISTRICT JUDGE